IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ANITA L. RODERO,<br><br>  Plaintiff,<br><br>  vs.<br><br>VERNON B. INOUYE, and Does 1 through 10, inclusive,<br><br>  Defendants. | Civil No. 23-00581 MWJS-WRP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT |

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS COMPLAINT**

Defendant Vernon B. Inouye moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint filed against him by Plaintiff Anita L. Rodero. He appears to make two arguments: first, that the central factual allegations in Rodero's complaint are in fact false; and second, that Rodero's complaint does not adequately state a claim on which relief might be granted.

The Court does not accept the first of Inouye's arguments. At the motion to dismiss stage, a Court generally must accept as true the factual assertions in a well-pleaded complaint. And while there are limited exceptions to that general rule, Inouye's arguments do not fall within them.

But the Court agrees that Rodero's factual allegations—accepted as true—do not adequately make out a claim for relief. For that reason, the motion to dismiss is GRANTED and Rodero's complaint is dismissed without prejudice and with leave to amend.

## BACKGROUND

1. In her pro se complaint, Rodero alleges that she made "personal loans" to Inouye that are "evidenced by two written promissory notes" with a December 31, 2020 deadline for repayment. ECF No. 1, at PageID.5; *see also, e.g.*, *id.* (alleging that on April 13, 2012, "the defendant signed and delivered a note promising to pay the plaintiff"); *id.* ("On May 9, 2017, Defendant borrowed an additional $75,000 from Plaintiff . . . ."); *id.* at PageID.7 ("Defendant Inouye owes Plaintiff Rodero on two promissory notes . . . .").

The complaint further alleges that Inouye "made no payments on or after" that deadline, and "[a]fter due credits, the remaining principal balance is $115,000.00." *Id.* at PageID.5. Rodero alleges that Inouye has thus "defaulted on his lawful obligations" to her, and she seeks payment of the sums allegedly owed to her. *Id.* at PageID.7.

2. Inouye responded to Rodero's complaint with a Rule 12(b)(6) motion to dismiss. In his motion and supporting memorandum, Inouye argues that Rodero has not adequately alleged that the loan was a personal one. He contends that he

borrowed the money, not in his personal capacity, but in his capacity as the President of a company called Floral Resources/Hawaii, Inc. ECF No. 11, at PageID.27. And citing *Cooke Trust Co. v. Edwards*, 43 Haw. 226, 229 (Haw. Terr. 1959), Inouye argues that an "officer is not liable for the debts of a corporation, unless it is specifically agreed that the officer will be personally liable for such debts." ECF No. 11, at PageID.27.

Inouye takes the further step of attaching two exhibits to his memorandum, both of which appear to be promissory notes memorializing that "Floral Resources"—rather than Inouye—agreed to borrow money from Rodero, and both of which Inouye signed as "President" of that company. *Id.* at PageID.24-25. Inouye contends that these are the promissory notes incorporated by reference in Rodero's complaint, but far from evidencing a personal loan, they demonstrate that the loan was made to Floral Resources.

Notably, however, neither of Inouye's exhibits bears Rodero's signature. Moreover, Inouye offers only his attorney's declaration that these are true and correct copies of the promissory notes. After Rodero pointed out, in her opposition to the motion to dismiss, that Inouye's counsel could not authenticate the promissory notes—and after Rodero denied that Inouye's exhibits are authentic— Inouye submitted a notarized declaration of his own in reply, again seeking to authenticate the promissory notes, as well as various supplemental materials. ECF

No. 21-1, at PageID.74-77.

    3.    Before the Court can turn to the merits of Inouye's motion to dismiss, it must assure itself of its power—or jurisdiction—over the case. Rodero's claims arise under state contract law, but her complaint alleges that this Court has jurisdiction over the case because the parties are citizens of diverse states. *See* 28 U.S.C. § 1332(a)(1). Nonetheless, although her complaint alleges that she is a citizen of California, it does not allege that Inouye is the citizen of a different state. For that reason, on March 29, 2024, this Court issued an Order to Show Cause noting that Rodero had not adequately alleged diversity jurisdiction and directing her to address that deficiency in her pleadings. ECF No. 22.

    Rodero responded to the Court's order with an allegation that Inouye is in fact a citizen of the State of Hawaiʻi.[1] ECF Nos. 23 & 24. Because the Court is satisfied that Rodero's supplemental allegation is sufficient to establish diversity jurisdiction over the case, it now turns to the merits of Inouye's motion to dismiss. The Court elects to decide the motion without a hearing pursuant to Local Rule 7.1(c).

---

[1] The Court is aware that Rodero's response to the Order to Show Cause also forwards various arguments related to Inouye's motion to dismiss and suggests additional facts that Rodero would allege if given leave to amend her complaint. *See* ECF Nos. 23 & 24. In ruling on Inouye's motion, the Court does not consider those arguments, nor does it decide the sufficiency of any additional allegations.

4

## **DISCUSSION**

### A. The Legal Standards Governing Rule 12(b)(6) Motions

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." To show an entitlement to relief, however, it is not enough to allege "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint's factual allegations must be "enough to raise a right to relief above the speculative level." *Id.* And while "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof . . . is improbable," the complaint must still include sufficient "factual enhancement" to cross "the line between possibility and plausibility." *Id.* at 556-57; *see also Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014).

In considering whether a complaint's allegations are sufficient, the Court must proceed in two steps. First, the Court must "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Eclectic Props.*, 751 F.3d at 996 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Second, the Court must "assume the veracity of well pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief." *Id.* (cleaned up).

5

## B. Rodero's Complaint Fails to Allege a Plausible Claim for Relief

In his motion to dismiss, Inouye argues that Rodero's complaint (1) relies on factual assertions that are demonstrably false, and (2) fails to adequately allege a claim for relief. Inouye has not substantiated the first of his arguments, but the Court agrees with the second.

1. Inouye's most sweeping argument is that Rodero's factual allegations are false. Although Rodero contends that the loan was made personally to Inouye, Inouye contends that it was instead made to a company of which he was an officer. To substantiate his assertion, Inouye supplies two exhibits—apparently promissory notes—and, in connection with his reply, he offers other exhibits that allegedly demonstrate Rodero's understanding that the loan was not a personal one.

Although a court considering a motion to dismiss must "assume the veracity of well pleaded factual allegations," *Eclectic Props.*, 751 F.3d at 996 (cleaned up), it need not accept the veracity of allegations within a complaint "that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004 & Supp. 2007)).

Here, however, Inouye has not sufficiently demonstrated that the Court can reject Rodero's factual allegations at the motion to dismiss stage. For one thing,

Inouye did not adequately authenticate the alleged promissory notes in his initial submissions. Inouye initially offered the exhibits with only his attorney's declaration, and he did not explain how his attorney could know that the exhibits are true and correct copies of the originals. ECF No. 11, at PageID.22-25. Although Inouye submitted a declaration of his own in connection with his reply, the Court need not—and here will not—consider arguments and evidence raised for the first time in reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

Moreover, Rodero disputes the authenticity of Inouye's exhibits, arguing that "[i]t appears that Defendant INOUYE wrote his own ambiguous promissory notes, unsigned by Plaintiff, after he accepted and deposited Plaintiff's cashier checks." ECF No. 20, at PageID.52. This factual dispute between Rodero and Inouye about the authenticity of Inouye's proffered exhibits is not one that can be properly resolved at the motion to dismiss stage.

2.  But even accepting the veracity of all of the factual allegations in Rodero's complaint, she has not sufficiently alleged a plausible claim for relief. For that separate reason, the Court agrees with Inouye that the complaint should be dismissed.

Although factual allegations in a complaint generally must be taken as true at the motion to dismiss stage, a reviewing court cannot accept the truth of mere

7

legal conclusions. *See Twombly*, 550 U.S. at 555 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))). For that reason, in reviewing the adequacy of a complaint's allegations, a court must "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Eclectic Props.*, 751 F.3d at 996 (quoting *Iqbal*, 556 U.S. at 679).

The relevant allegations in Rodero's complaint are "no more than conclusions." *Id.* She repeatedly alleges that she made "personal loans" to Inouye, ECF No. 1, at PageID.5, and that Inouye "borrowed" the money and "owes" her the money himself, *id.* at PageID.5-7. But the question in this case is precisely whether the loan was made personally to Inouye or instead to Inouye's company, and while Rodero's allegations assert her preferred conclusion, they do not offer any factual enhancement that would make her conclusion plausible. She does not, for example, allege that Rodero ever said or wrote that he was borrowing the money himself. She therefore has not offered sufficient "factual enhancement" to cross "the line between possibility and plausibility." *Twombly*, 550 U.S. at 557.

Rodero's complaint does allege that "personal loans" are "evidenced by two written promissory notes." ECF No. 1, at PageID.5. But the complaint does not attach any copies of what Rodero alleges to be the authentic promissory notes. Nor

8

does Rodero allege what these promissory notes say. She does not, for example, allege that the notes include a representation that Inouye is borrowing the money or that he will pay the money back. A conclusory reference to written promissory notes does not allege a plausible claim any more than a conclusory assertion itself.

At bottom, Rodero's complaint repeatedly asserts that she made a personal loan to Inouye, but it alleges no facts that would plausibly support that conclusion. She therefore has failed to state a plausible claim for relief.

### C.   Leave to Amend Complaint

Although Rodero's complaint does not plausibly allege a claim for relief in its current form, the Court recognizes that Rodero is proceeding pro se and that she could possibly cure the deficiencies by submitting an amended complaint. Accordingly, the Court dismisses the complaint without prejudice and grants Rodero leave to amend it.

Any amended complaint—which should be titled "First Amended Complaint"—must be filed by May 20, 2024, and must cure the deficiencies identified above; that is, Rodero must provide sufficient facts to plausibly support her claims, under the pleading standards discussed above. Rodero is cautioned that failure to timely file an amended complaint that addresses the identified deficiencies will result in the automatic dismissal of this action.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Inouye's motion to dismiss and DISMISSES the complaint without prejudice and with leave to amend.

If Rodero elects to file an amended complaint, she must comply with the following requirements:

(1) Rodero's deadline to file an amended complaint is May 20, 2024;

(2) Rodero's amended complaint should be titled "First Amended Complaint"; and

(3) Rodero must cure the deficiencies identified above.

Rodero is cautioned that failure to timely file an amended complaint that conforms with this Order will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED: April 19, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 23-00581 MWJS-WRP, *Anita L. Rodero v. Vernon B. Inouye,* et al.; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT

10